# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JACKIE D. OWENS,                )
                                )
    Plaintiff,                  )
                                )
v.                              )    Case No. CV414-273
                                )
JOSE MORALES, *et al.*,         )
                                )
    Defendants.                 )

## ORDER

Inmate Jackie D. Owens filed this 42 U.S.C. § 1983, prison-conditions complaint arising from: (a) his medical treatment (prison officials' failure to timely avail him his prescribed leg brace and adequately treat his hepatitis-C infection); (b) retaliation for using his prison's grievance process; and (c) his prison's constructive denial of his access to the courts by failing to avail him free copying and return postage to enable court filings). Doc. 1. He seeks damages and injunctive relief. *Id.* at 10.[1]

---

[1] As Owens is proceeding *in forma pauperis* (IFP), docs. 5, 9 & 10, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has

Owens did not use a Court-supplied § 1983 form complaint,[2] which would have asked him about any prior lawsuits (the Court has located a "Jackie D. Owens" lawsuit on PACER: *Owens v. Summers*, CV497-247, doc. 7 (N.D. Ga. July 13, 1997) (Order refusing to certify good faith of appeal from "motion of bias" ruling)). Also, Congress requires indigent inmates to pay the full filing fee for every lawsuit they file. They may pay it over time, but not avoid it. 28 U.S.C. § 1915(b)(1)-(2).

Part of the IFP process this Court uses to implement § 1915(b)(1)-(2)'s "installment plan" requires prisoners to return a fully executed

---

stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] It is available here: http://www.gasd.uscourts.gov/pdf/prisoner1983.pdf

Consent form (each thus consents to the direct collection of the $350 fee from his prison account), doc. 9, and a fully completed "Prison Trust Fund Account Statement." Doc 10. Owens' Statement is signed by a Prison Account Custodian who left blank the form's "Average Monthly Deposits" and "Average Monthly Balance" fields. Doc. 10 at 1. That data is needed to implement § 1915(b)(1)-(2)'s payment requirements.

Accordingly, the Court **DIRECTS** the Clerk to send Owens a new "Prison Trust Fund Account Statement" form, plus two copies of this Order. Owens must re-submit that form, along with the second copy of this Order, to his account custodian. The custodian shall return the *properly completed* Statement form within 14 days of the date he receives the blank form from Owens.

Meanwhile, the Court will accept plaintiff's "home-brewed" Complaint, but he must disclose, in a "Response to Court Order" filing, the existence of any additional lawsuits he has filed in the past (include, as best he is able, the case name, court, case-filing number and what became of each case). He must place that response within his prison's mail system, and affirm that he has done so, within 14 days of the date

3

this Order is served. On that same "Response" he must also affirm the date on which he gave the repeat Account Statement form to his custodian. He must then sign his Response after first writing, ahead of his signature: "under penalty of perjury, pursuant to 28 U.S.C. § 1746, I declare all factual assertions made by me here are true."[3] His failure to comply with these directives subjects him to a recommendation that his case be dismissed. The Court will finish screening plaintiff's Complaint once these directives are satisfied.

**SO ORDERED,** this 2nd day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Whether in a witness chair before this Court or while crafting court filings in a prison cell, *no one* (especially a *convicted criminal*) is permitted to lie to or otherwise knowingly mislead this Court. All must swear to any facts advanced in quest of judicial relief, and thus may be subject to criminal prosecution if they commit perjury, or submit a false declaration in violation of 18 U.S.C. § 1623(a). *See, e.g., United States v. Dickerson*, CR608-36, doc. 47 (S.D. Ga. Dec. 11, 2008) (convicted of violating 18 U.S.C. § 1623(a) while seeking 28 U.S.C. § 2255 relief); *aff'd*, 2010 WL 4409382 (11th Cir. Nov. 8, 2010), *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *Hayes v. United States*, 2011 WL 3468799 at * 5 (S.D. Ga. Aug. 9, 2011).