# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JACKIE DEWAYNE OWENS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV414-273 |
| JOSE MORALES, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Coastal State Prison (CSP) inmate Jackie Dewayne Owens filed this 42 U.S.C. § 1983, prison-conditions complaint arising from: (a) his medical treatment (prison officials' failure to timely avail him his prescribed leg brace and adequately treat his hepatitis-C infection); (b) retaliation for using his prison's grievance process; and (c) his prison's constructive denial of his access to the courts by failing to avail him free copying and return-postage to enable court filings. Doc. 1. He seeks damages and injunctive relief. *Id.* at 10.

Owens is proceeding *in forma pauperis* (IFP) and, in screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court directed him to ensure

that a fully completed "Prison Trust Fund Account Statement" be filed with this Court (his filing omitted account-balance information necessary to determine his filing fee payments). Doc. 13 at 3-4. It also directed him to disclose, in a "Response to Court Order" filing, the existence of any additional lawsuits that he filed in the past and include, as best he was able, the case name, court, case-filing number and what became of each case. On that same "Response" he was also required to affirm the date on which he gave the repeat Account Statement form to his custodian. *Id.*

In response, Owens has disclosed two prior lawsuits.[1] But he fails to admit or deny that the one lawsuit the Court located, *Owens v. Summers*, CV497-247, doc. 7 (N.D. Ga. July 13, 1997) (order refusing to certify good faith of appeal from "motion of bias" ruling), is a third. Doc. 14-1 at 1-2. This information is vital to the Court's determination

---

[1] Quite unusually, one of the lawsuits Owens does reveal is also against the Coastal State Prison officials, but he is actively litigating it in the *Middle District of Georgia*. *See Owens v. Chapman*, 5:13-CV-299-MTT-MSH, doc. 40 (M.D. Ga. Oct. 22, 2014) (Report and Recommendation screening, under 28 U.S.C. § 1915A(a), recast prison conditions complaint); *id.* at 14-15 (greenlighting "colorable Eighth Amendment constitutional claims against" prison officials and directing service), *adopted as modified*, doc. 49 (M.D. Ga. Jan. 12, 2015), *reconsideration denied*, doc. 53 (M.D. Ga. Feb. 26, 2015). No defendant has yet to appear in *Chapman*, so no venue defense evidently has been raised there (Coastal State Prison is in *this* judicial district).

whether he is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).² Owens is **DIRECTED**, within 21 days of the date this Order is served, to admit or deny that he is the Owens who filed the CV497-247 case.³ Also, the Court has since located *Owens v. Van Pelt*, CV497-281, doc. 3 (N.D. Ga. Oct. 24, 1997) ("dismissing case for failure to obey a lawful order of the Court."), and Owens must claim or deny that filing, too.

Meanwhile, plaintiff also certifies that he "placed the Court Order

---

² All inmates must pay the $350 filing fee for each case that they file. 28 U.S.C. § 1914. The Prison Litigation Reform Act (PLRA), as codified in statutes like 28 U.S.C. § 1915, enables them to pay that on an installment plan. *See* 28 U.S.C. § 1915(b)(1). But an inmate otherwise must pay that fee outright if he

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "The purpose of this rule, and the PLRA generally, is to curtail abusive prisoner litigation." *Hines v. Thomas*, 2015 WL 858050 at * 1 (11th Cir. Mar. 2, 2015) (quotes and cite omitted). "Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g)." *Anderson v. United States*, 2014 WL 2625194 at * 1 (M.D. Fla. June 12, 2014).

³ Failure to comply with these directions will result in a recommendation that his case be dismissed under Fed.R.Civ.P. 11 and 41(b). *Neloms v. St. Lawrence*, 2010 WL 1688554 at * 1 (S.D. Ga. Mar. 29, 2010) ("Rule 11(b) of the Federal Rules of Civil Procedure forbids lying in pleadings, motions, and other papers filed with the court. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006)."); *Flowers v. Life University*, 2006 WL 562192 at * 6 (N.D. Ga. Mar. 7, 2006).

3

[doc. 13] and Trust Fund Account Statement in the [CSP] mailbox on 3-6-2015 addressed to J. Miller, inmate trust fund." Doc. 14-1 at 2. The Court independently contacted prison officials and they have delivered a completed Prison Trust Fund Account Statement, doc. 17, plus an updated Consent form. Doc. 16. The Court will act on those and the remainder of this case after Owens complies with the above directive (it is possible that the Court will not reach the fee issue if in fact Owens is § 1915(g)-barred). For the moment, however, all of his motions (doc. 4, 6, 8 & 12) are **DENIED**.

**SO ORDERED** this 26th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA