# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JACKIE DEWAYNE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-273 |
| | ) | |
| JOSE MORALES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Coastal State Prison ("CSP") inmate Jackie Dewayne Owens filed this 42 U.S.C. § 1983, prison-conditions complaint arising from: (a) his medical treatment (prison officials' failure to timely furnish him with his prescribed leg brace and adequately treat his hepatitis-C infection); (b) retaliation for using his prison's grievance process; and (c) his prison's constructive denial of his access to the courts by failing to avail him free copying and return-postage to enable court filings). Doc. 1. He seeks damages and injunctive relief. *Id.* at 10.

Through two Orders (docs. 13 & 18) the Court has elicited from Owens critical information needed to address his motion to proceed *in forma pauperis* ("IFP"), and thus screen his case under 28 U.S.C. §

1915(g), if not § 1915(e)(2)(B)(ii). Owens had failed to use the Court-provided § 1983 form Complaint,[1] and his "home-brewed" Complaint did not reveal prior lawsuits. Doc. 1. So, the Court asked him and warned him about the legal consequences of perjury before this Court. Doc. 13 at 3-4. It specifically asked him about what it had uncovered: *Owens v. Summers*, CV497-247, doc. 7 (N.D. Ga. July 13, 1997) (Order denying to certify appeal from "motion of bias" ruling as taken in good faith). *Id.* at 2.

In his response Owens disclosed two other lawsuits[2] but failed to

---

[1] It is available here, http://www.gasd.uscourts.gov/pdf/prisoner1983.pdf and the Court **DIRECTS** the Clerk to serve Georgia's Attorney General and Owens' prison warden with a copy of this Order, since the forms are free to download, the State obviously benefits from § 1915(g) enforcement, and there should be no excuse for inmates to use "home-brewed" Complaints which "just so happen" to *omit* the form Complaint's question about prior lawsuits.

[2] One, he says, was in a Tennessee state court in 2013, doc. 14-1 at 1 (he supplies no case name, number, or name of that court) and the other is still active. *Owens v. Carter*, 5:13-CV-299-MTT-MSH, doc. 40 (M.D. Ga. Oct. 22, 2014) (Report and Recommendation screening, under 28 U.S.C. § 1915A(a), recast prison conditions complaint); *id.* at 14-15 (greenlighting "colorable Eighth Amendment constitutional claims against" prison officials and directing service), *adopted as modified*, doc. 49 (M.D. Ga. Jan. 12, 2015), *reconsideration denied*, doc. 53 (M.D. Ga. Feb. 26, 2015). Owens says, here, that it is his intention to have *Owens v. Carter* joined with this case, doc. 19 at 2, but he files no formal Fed. R. Civ. P 42 consolidation motion, nor would he succeed if he tried (the cases are before two different courts in two different districts and reach claims involving *no* common question of law or fact).

admit or deny that he had filed the *Owens v. Summers* case. Doc. 14-1 at 1-2; doc. 15. That information was vital to the Court's determination whether he is barred by § 1915(g)'s "three-strikes" provision of 28 U.S.C. § 1915(g).³ So, the Court directed Owens to admit or deny that he is the Owens who filed *Owens v. Summers*. Doc. 18 at 2. Also, the Court had located *Owens v. Van Pelt*, CV497-281, doc. 3 (N.D. Ga. Oct. 24, 1997) ("[D]ismissing case for failure to obey a lawful order of the Court."), so it instructed Owens to claim or deny that filing, too. *Id.* at 3.

In response, Owens finally admits that he in fact was the plaintiff in *Owens v. Summers*: "It was filed in Catoosa County Superior Court in 1997-97. If [sic] it is mine and it was dismissed because my wife did not

---

³ All inmates must pay the $350 filing fee for each case that they file. 28 U.S.C. § 1914. The Prison Litigation Reform Act (PLRA), as codified in statutes like 28 U.S.C. § 1915, enables them to pay that on an installment plan. *See* 28 U.S.C. § 1915(b)(1). But an inmate otherwise must pay that fee outright if he

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "The purpose of this rule, and the PLRA generally, is to curtail abusive prisoner litigation." *Hines v. Thomas*, 604 F. App'x 796, 801 n. 1 (11th Cir. 2015) (quotes and cite omitted). "Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g)." *Anderson v. United States*, 2014 WL 2625194 at * 1 (M.D. Fla. June 12, 2014).

give me my mail. We were temporarily separated."[4] Doc. 19 at 1. And he denies having anything to do with *Owens v. Van Pelt*. Doc. 19 at 1 ("I Jackie D. Owens have never filed anything in the U.S. District Court against Van Pelt and Owens Van Pelt is the plaintiff.").

Bearing in mind § 1915(g)'s three-strikes limit, the Court disbelieves Owens about *Owens v. Van Pelt*. Attached is that case's docket sheet showing "Jackie D. Owens" as the plaintiff, then housed at Rivers State Prison. The docket's entries are available online, but not the entries' contents, but it shows that he filed a civil mandamus action and it was dismissed for failing to comply with a court order. The next attachment to this Order is Owens' Georgia Department of Corrections record showing his Rivers State Prison incarceration during that period.

That's now two prior cases that the Court has had to unearth despite plaintiff's failure to disclose them, and it's pretty obvious that he is now simply choosing to lie about one of them. The district court in *Hines v. Thomas* also uncovered, *inter alia*, prior case concealment, and that figured into that court's ruling that the plaintiff had engaged in

---

[4] Of course, *why* the case was dismissed is irrelevant. What is relevant is that Owens filed a prior case and failed to disclose it here when directly asked about it.

"conduct that courts have deemed abusive, and for which, courts have imposed the double sanction dismissing the action without prejudice and counting the dismissal as a strike on the ground of being malicious." 604 F. App'x 796, 798 (11th Cir. 2015). The *Hines* appellate panel did not disagree with that misconduct assessment but ruled that the district court went too far. *Id.* at 800 (with prejudice dismissal of prisoner's case was an abuse of discretion, lesser sanction to be considered on remand, where inmate was "certainly negligent in failing to inform the court of his litigation history, [but] his actions as a whole d[id] not present a clear record of willful misconduct."). Even at that, a "without prejudice" dismissal likely would *not* have been reversed. *Id.* ("Had the dismissal truly been without prejudice to re-filing, the district court likely would not have abused its discretion in dismissing the action.").

This Court does not hesitate to invoke dismissal and other sanctions against cynically mendacious inmates who lie to or otherwise deceive this Court. *See, e.g., Ross v. Fogam*, 2011 WL 2516221 at * 2 (S.D. Ga. June 23, 2011); *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug.1, 2011), cited in *Brinson v. Townsend*, 2015 WL

2378940 at * 2 n. 4 (S.D. Ga. May 15, 2015). As explained in *Ross*:

> Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by ... the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).
>
> In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

*Ross*, 2011 WL 2516221 at * 2.

In contrast to *Hines*, the facts show that plaintiff's concealment

6

conduct here is not negligent but willful. Within 21 days Owens (who is free to dismiss this case without incurring a strike or filing fee obligation) shall complete the attached "Show Cause Statement" and declare, under penalty of perjury, all facts he cites to show why this case should not be dismissed without prejudice (and fetch a § 1915(g) strike) for misleading, if not deliberately lying to, this Court. He must return it by placing it within his prison's mail system by the twenty-first day after the day this Order is served.

**SO ORDERED,** this 12TH day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JACKIE DEWAYNE OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV414-273 |
| | ) |
| JOSE MORALES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## JACKIE DEWAYNE OWENS' STATEMENT

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Any required additional pages shall be attached and will be subject to this Declaration:

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2015.


_____
Jackie Dewayne Owens

# U.S. District Court
# Northern District of Georgia (Rome)
# CIVIL DOCKET FOR CASE #: 4:97-cv-00281-HLM

Owens v. Van Pelt
Assigned to: Judge Harold L. Murphy
Demand: $0
Cause: 28:1361 Petition for Writ of Mandamus

Date Filed: 08/22/1997
Date Terminated: 10/24/1997
Jury Demand: None
Nature of Suit: 540 Mandamus & Other
Jurisdiction: Federal Question

**Plaintiff**

Jackie D. Owens                        represented by   Jackie D. Owens
                                                        #366117
                                                        Rivers State Prison
                                                        P.O. Box 1500
                                                        Hardwick, GA 31034-1500
                                                        PRO SE

V.

**Defendant**

**Superior Court Judge Ralph Van Pelt, Jr.**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/1997 | 1 | COMPLAINT FOR MANDAMUS RELIEF (ln) (Entered: 08/28/1997) |
| 08/28/1997 |   | File forwarded to staff law clerk: JMF (ln) (Entered: 08/28/1997) |
| 09/22/1997 | 2 | ORDER by Mag Judge Joel M. Feldman, plaintiff must execute and return within 33 days, an affidavit and authorization allowing custodian to withdraw funds from inmate account; failure to follow order may result in dismissal; , [2-1] order to be submitted on 10/28/97 (c w/form) (ln) (Entered: 09/22/1997) |
| 10/02/1997 |   | Order of 9/22/97 mailed to plaintiff returned with notation " Released". Contacted Inmate Info was advised pla released 8/21/97. (ln) (Entered: 10/02/1997) |
| 10/02/1997 |   | SUBMITTED to Mag Judge Joel M. Feldman on [2-1] order plaintiff must execute and return within 33 days, an affidavit and authorization allowing custodian to withdraw funds from inmate account; failure to follow order may result in dismissal;, [2-2] order (c w/form), [2-3] order, [0-0] remark (ln) (Entered: 10/02/1997) |

| | | |
|---|---|---|
| 10/24/1997 | 3 | ORDER by Judge Harold L. Murphy, dismissing case for failure to obey a lawful order of the Court (cc) (dd) (Entered: 10/24/1997) |
| 10/24/1997 | | Case terminated. (dd) (Entered: 10/24/1997) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/06/2015 15:16:00 | | | |
| PACER Login: | ja1219:2888628:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:97-cv-00281-HLM |
| Billable Pages: | 1 | Cost: | 0.10 |

Official Portal for the State of Georgia
Georgia Governor Nathan Deal

# Georgia Department of Corrections

- Find an Offender
- Find a Facility
- Send Money

Home
About GDC▽
Divisions▽
Offender Information▽
Community Services▽
News▽
Reports▽
GDC Jobs
GA Sex Offender Registry

SHARE        ★ Translate Search: [    ] 🔍
TEXT

## Find an Offender

**Click here to start over | Return to previous screen**

The following represents the most recent information for this offender in our website database. However, this information is not delivered in "real time", and there may have been recent changes that are not displayed below. If you have questions, or find the below information incorrect, please contact/email us by clicking this link. Once you click the link, please select the category *'Information about a specific Offender/Transfers/County Jail Pick-up'*

**OWENS, JACKIE DEWAYNE**
**GDC ID: 0000898135**
Sorry, this offender's photo is not available

**PHYSICAL DESCRIPTION**

| | |
|---|---|
| YOB: | 1956 |
| RACE: | WHITE |
| GENDER: | MALE |
| HEIGHT: | 0'00" |
| WEIGHT: | 000 |
| EYE COLOR: | BROWN |
| HAIR COLOR: | BROWN |

SCARS, MARKS, TATTOOS

**INCARCERATION DETAILS**

| | |
|---|---|
| MAJOR OFFENSE: | ENTERING VEHICLE |
| MOST RECENT INSTITUTION: | RIVERS STATE PRISON |
| MAX POSSIBLE RELEASE DATE: | 06/28/2001 Important Release Information |

For parole information please go to Georgia State Board of Pardons and Paroles website.

| | |
|---|---|
| ACTUAL RELEASE DATE: | 08/21/1997 |
| CURRENT STATUS: | INACTIVE |

KNOWN ALIASES

| A.K.A. | OWENS,JACKIE DEWAYNE |

**STATE OF GEORGIA - CURRENT SENTENCES**

| | |
|---|---|
| **CASE NO: 366117** | |
| **OFFENSE:** | impersonating another |
| **CONVICTION COUNTY:** | CATOOSA COUNTY |
| **CRIME COMMIT DATE:** | 06/29/1996 |
| **SENTENCE LENGTH:** | 0 YEARS, 12 MONTHS, 0 DAYS |
| **CASE NO: 366117** | |
| **OFFENSE:** | other misdemeanor |
| **CONVICTION COUNTY:** | CATOOSA COUNTY |
| **CRIME COMMIT DATE:** | 06/29/1996 |
| **SENTENCE LENGTH:** | 0 YEARS, 12 MONTHS, 0 DAYS |
| **CASE NO: 366117** | |
| **OFFENSE:** | ENTERING VEHICLE |
| **CONVICTION COUNTY:** | CATOOSA COUNTY |
| **CRIME COMMIT DATE:** | 06/29/1996 |
| **SENTENCE LENGTH:** | 5 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - PRIOR SENTENCES

STATE OF GEORGIA - INCARCERATION HISTORY

**INCARCERATION BEGIN  INCARCERATION END**

| 10/24/1996 | 08/21/1997 |

Site Map
Privacy
Links
Contact Us
Help