# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JACKIE DEWAYNE OWENS,            )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    Case No. CV414-273
                                 )
JOSE MORALES, *et al.*,          )
                                 )
    Defendants.                  )

## REPORT AND RECOMMENDATION

Coastal State Prison ("CSP") inmate Jackie Dewayne Owens filed a 42 U.S.C. § 1983, prison-conditions complaint seeking damages and injunctive relief. Doc. 1. Through a preliminary Order, the Court elicited from him critical information needed to address his motion to proceed *in forma pauperis* ("IFP"), and thus screen his case under 28 U.S.C. § 1915(g), if not § 1915(e)(2)(B) and § 1915A. Doc. 13. Owens had failed to use the Court-provided § 1983 form Complaint, and his "home-brewed" Complaint did not reveal prior lawsuits. Doc. 1. So, the Court asked him about his litigation history and warned him about the legal consequences of perjury before this Court. Doc. 13 at 3-4. It specifically asked him about what it had uncovered: *Owens v. Summers*, CV497-247, doc. 7

(N.D. Ga. July 13, 1997) (Order denying to certify appeal from "motion of bias" ruling as taken in good faith). *Id.* at 2.

In his response Owens disclosed two other lawsuits[1] but failed to admit or deny that he had filed the *Owens v. Summers* case. Doc. 14-1 at 1-2; doc. 15. That information was vital to the Court's determination whether he is barred by the "three-strikes" provision of 28 U.S.C. § 1915(g).[2] The Court directed Owens to admit or deny that he is the

---

[1] One, he says, was in a Tennessee state court in 2013, doc. 14-1 at 1 (he supplies no case name, number, or name of that court) and the other is still active. *Owens v. Carter*, 5:13-CV-299-MTT-MSH, doc. 40 (M.D. Ga. Oct. 22, 2014) (Report and Recommendation screening, under 28 U.S.C. § 1915A(a), recast prison conditions complaint); *id.* at 14-15 (greenlighting "colorable Eighth Amendment constitutional claims against" prison officials and directing service), *adopted as modified*, doc. 49 (M.D. Ga. Jan. 12, 2015), *reconsideration denied*, doc. 53 (M.D. Ga. Feb. 26, 2015).

[2] All inmates must pay the $350 filing fee for each case that they file. 28 U.S.C. § 1914. The Prison Litigation Reform Act (PLRA), as codified in statutes like 28 U.S.C. § 1915, enables them to pay that on an installment plan. *See* 28 U.S.C. § 1915(b)(1). But an inmate otherwise must pay that fee outright if he

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "The purpose of this rule, and the PLRA generally, is to curtail abusive prisoner litigation." *Hines v. Thomas*, 604 F. App'x 796, 801 n. 1 (11th Cir. 2015) (quotes and cite omitted). "Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g)." *Anderson v. United States*, 2014 WL 2625194 at * 1 (M.D. Fla. June 12, 2014).

Owens who filed *Owens v. Summers*. Doc. 18 at 2. Also, the Court had located *Owens v. Van Pelt*, CV497-281, doc. 3 (N.D. Ga. Oct. 24, 1997) ("[D]ismissing case for failure to obey a lawful order of the Court."), so it instructed Owens to claim or deny that filing, too. *Id.* at 3.

In response, Owens finally admitted that he in fact was the plaintiff in *Owens v. Summers*: "It was filed in Catoosa County Superior Court in 1997-97. If [sic] it is mine and it was dismissed because my wife did not give me my mail. We were temporarily separated."[3] Doc. 19 at 1. But he denied having anything to do with *Owens v. Van Pelt*. Doc. 19 at 1 ("I Jackie D. Owens have never filed anything in the U.S. District Court against Van Pelt and Owens Van Pelt is the plaintiff.").

Reminding him of § 1915(g)'s three-strikes limit, the Court issued yet another Order, announcing that it disbelieved Owens about *Owens v. Van Pelt*. Doc. 20 at 6-7. It attached that case's docket sheet showing "Jackie D. Owens" as the plaintiff, then housed at Rivers State Prison. *Id.* at 10-13. The docket's entries showed that he had filed a civil mandamus action and it was dismissed for failing to comply with a court

---

[3] Of course, *why* the case was dismissed is irrelevant. What is relevant is that Owens filed a prior case and failed to disclose it here when directly asked about it.

3

order. *Id.* The Court also furnished Owens' Georgia Department of Corrections record showing his Rivers State Prison incarceration during that period. *Id.*

The Court thus had unearthed two prior cases despite plaintiff's failure to disclose them, and it was pretty obvious that he simply chose to lie about one of them. The district court in *Hines v. Thomas* also uncovered, *inter alia*, prior case concealment, and that figured into that court's ruling that the plaintiff had engaged in "conduct that courts have deemed abusive, and for which, courts have imposed the double sanction dismissing the action without prejudice and counting the dismissal as a strike on the ground of being malicious." 604 F. App'x 796, 798 (11th Cir. 2015). The *Hines* appellate panel did not disagree with that misconduct assessment but ruled that the district court went too far. *Id.* at 800 (with prejudice dismissal of prisoner's case was an abuse of discretion, lesser sanction to be considered on remand, where inmate was "certainly negligent in failing to inform the court of his litigation history, [but] his actions as a whole d[id] not present a clear record of willful misconduct."). Even at that, a "without prejudice" dismissal likely

4

would *not* have been reversed. *Id.* ("Had the dismissal truly been without prejudice to re-filing, the district court likely would not have abused its discretion in dismissing the action.").

So, the Court reminded Owens that it does not hesitate to invoke dismissal and other sanctions against cynically mendacious inmates who lie to or otherwise deceive this Court, *see, e.g., Ross v. Fogam*, 2011 WL 2516221 at * 2 (S.D. Ga. June 23, 2011); *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug.1, 2011), cited in *Brinson v. Townsend*, 2015 WL 2378940 at * 2 n. 4 (S.D. Ga. May 15, 2015). It recounted for him what it had explained in *Ross*:

> Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by ... the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).
>
> In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v.*

5

*Wabash R.R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

*Ross*, 2011 WL 2516221 at * 2.

In contrast to *Hines*, this Court concluded, the facts here showed that plaintiff's concealment conduct was not negligent but willful. Doc. 20 at 6-7. It therefore gave Owens 21 days to complete a "Show Cause Statement," under penalty of perjury, why this case should not be dismissed without prejudice (and fetch a § 1915(g) strike) for misleading, if not deliberately lying to, this Court. *Id.* at 7. It also told him that he "is free to dismiss this case without incurring a strike or filing fee obligation." *Id.*

Using the form the Court provided (one which made him sign it "under penalty of pejury"), Owens has finally come clean. Doc. 21. He

6

admits the *Van Pelt* case was his but insists he "did not intentionally lie about" it, his memory slipped (and yet, the Court *had asked him about it directly*, doc. 18 at 2). *Id.* at 1. Nevertheless, he says:

> I will follow the court's offer and dismiss this civil action without prejudice with the understanding and agreement that no strikes or sanction will be placed against me or on the record of court. I voluntarily dismiss case # CV414-273 and all fees are waived by the court. . . .

Doc. 21 at 1-2.

The Court advises that this case be dismissed without prejudice. Owens is **DIRECTED** to cite this case to all judges presiding over any future civil cases he may file, in any jurisdiction.

**SO REPORTED AND RECOMMENDED,** this 25th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA